IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ARGENTINA and MARIE ARGENTINA, | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MYCONE DENTAL SUPPLY COMPANY, INC. t/a NATIONAL KEYSTONE INDUSTRIES and WILLIAM DIXON COMPANY, a division of GROBET USA, | : | NO. 02-CV-3192 |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT, WILLIAM DIXON COMPANY, A DIVISION OF GROBET FILE COMPANY OF AMERICA, INC. TO PLAINTIFFS' COMPLAINT <u>WITH AFFIRMATIVE DEFENSES</u>**

Defendant, William Dixon Company, a division of Grobet File Company of America, Inc. (hereinafter "answering defendant"), by and through its attorneys, Rawle & Henderson LLP, hereby submits the following Answer to Plaintiffs' Complaint and asserts Affirmative Defenses as follows:

1. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

0666821.01

2. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

3. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

4. Admitted in part. Answering defendant is incorporated in the State of New York.

5. Admitted in part and denied in part. It is admitted that answering defendant was involved in the marketing, distribution and sale of the product in question. It is specifically denied that answering defendant was involved in the design, specification and/or fabrication of the product in question.

6. Denied. The averments contained in this paragraph constitute conclusions of law to which no response is required.

7. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

8. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

0666821.01

9. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

10. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

11. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

12. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

13. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

14. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

15. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

16. Admitted in part and denied in part. It is admitted that answering defendant sold, distributed, marketed and/or otherwise placed in to the stream of commerce the product in question. As to the remaining averments, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of thereof. Accordingly, said averments are denied.

17. Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required.

**COUNT I**
**NEGLIGENCE**
**ROBERT ARGENTINA v. MYCONE AND DIXON**

18. Answering defendant incorporates by reference paragraphs 1 through 17 above, as if set forth herein at length.

19. (a)-(g) Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required.

20. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

0666821.01

21.     Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

22.     Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

23.     Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

24.     Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

25.     Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

26.     Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required. Further, after reasonable investigation,

answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

27.   (a)-(g) Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

**WHEREFORE**, defendant, William Dixon Company, a division of Grobet File Company of America, Inc., demands judgment in its favor, together with costs, attorneys fees and such other relief as is deemed appropriate by this Court.

## COUNT II
## STRICT LIABILITY
## ROBERT ARGENTINA V. MYCONE AND DIXON

28.   Answering defendant incorporates by reference paragraphs 1 through 27 above as if set forth herein at length.

29.   Admitted in part and denied in part. It is admitted that answering defendant sold, and/or distributed the product in question. The remaining averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required.

30.   Denied. It is only admitted that the product would be safely used if used as intended.

0666821.01

31. Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required. By way of further response, the product in question was not dangerous or defective, but rather was safe for all intended and foreseeable uses.

32. Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiffs' Complaint. Accordingly, said averments are denied.

33. Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required. By way of further response, the product in question was not dangerous or defective, but rather was safe for all intended and foreseeable uses.

34. Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required.

35. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

36. Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

0666821.01

37. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

38. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

39. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

40. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

41. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

42. (a)-(g) Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

0666821.01

**WHEREFORE**, answering defendant, William Dixon Company, a division of Grobet File Company of America, Inc., demands judgment in its favor, together with costs, attorneys fees and such other relief as is deemed appropriate by this Court.

0666821.01

## COUNT III
## BREACH OF WARRANTIES OF MERCHANTABILITY AND FITNESS
## ROBERT ARGENTINA V. MYCONE AND DIXON

43. Answering defendant incorporates by reference paragraphs 1 through 42 above as if set forth herein at length.

44. Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required.

45. Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required. By was of further response, the product in question was safe for all intended and foreseeable uses.

46. Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required.

47. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

48. Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

49. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

50. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

51. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

52. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

53. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

54. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

55. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

56. Denied. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

**WHEREFORE**, answering defendant, William Dixon Company, a division of Grobet File Company of America, Inc., demands judgment in its favor, together with costs, attorneys fees and such other relief as is deemed appropriate by this Court.

## COUNT III
## LOSS OF CONSORTIUM
## MARIE ARGENTINA V. MYCONE AND DIXON

57. Answering defendant incorporates by reference paragraphs 1 through 56 above as if set forth herein at length.

58. Denied. The averments contained in this paragraph of plaintiffs' Complaint constitute conclusions of law to which no response is required. Further, after reasonable investigation, answering defendant is without knowledge or information sufficient to forma belief as to the nature and extent of plaintiffs' alleged damages, if any, and denies any and all liability for same.

0666821.01

**WHEREFORE**, answering defendant, William Dixon Company, a division of Grobet File Company of America, Inc., demands judgment in its favor, together with costs, attorneys fees and such other relief as is deemed appropriate by this Court.

0666821.01

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

No act, action or omission on the part of William Dixon Company, a division of Grobet File Company of America, Inc., was a proximate or direct cause of plaintiff's alleged injuries.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrine of assumption of the risk because plaintiff perceived the risk of his own injuries and knowingly and voluntarily assumed that risk.

**FOURTH AFFIRMATIVE DEFENSE**

The claims set forth in plaintiff's Complaint are barred and/or limited in accordance with the doctrine of contributory negligence and/or in accordance with the doctrine of comparative negligence and/or in accordance with the provisions of 42 Pa. C.S.A. § 7102 because the negligence of the plaintiff caused and/or contributed to causing the alleged injuries.

**FIFTH AFFIRMATIVE DEFENSE**

If plaintiffs' injuries were caused in any respect by a product sold by William Dixon Company, a division of Grobet File Company of America, Inc., said product was materially altered, changed and/or modified after leaving William Dixon Company, a division of Grobet File Company of America, Inc.'s control.

**SIXTH AFFIRMATIVE DEFENSE**

0666821.01

If plaintiff suffered injuries, losses and/or damages as described and for the reasons set forth in the Complaint, said injuries, losses and/or damages were caused or contributed to by conditions over which William Dixon Company, a division of Grobet File Company of America, Inc., had no control and for which it is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

If plaintiff suffered injuries, losses and/or damages as described and for the reasons set forth in the Complaint, said injuries, losses and/or damages were caused or contributed to by the negligence, carelessness and/or recklessness of others over whom William Dixon Company, a division of Grobet File Company of America, Inc., had no control and for which it is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

If it is determined that William Dixon Company, a division of Grobet File Company of America, Inc., sold the product allegedly involved in this incident, William Dixon Company, a division of Grobet File Company of America, Inc., denies that the product was defective or unreasonably dangerous for its ordinary or its intended use when the product left the possession of William Dixon Company, a division of Grobet File Company of America, Inc..

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

0666821.01

Plaintiff's Complaint is barred by plaintiff's failure to give timely notice to advise William Dixon Company, a division of Grobet File Company of America, Inc., of any alleged defect or failure to conform to implied or expressed warranties.

0666821.01

## ELEVENTH AFFIRMATIVE DEFENSE

If any warranties were made as alleged, William Dixon Company, a division of Grobet File Company of America, Inc., and the product complied with all such warranties.

## TWELFTH AFFIRMATIVE DEFENSE

The negligent acts and/or omissions of individuals other than William Dixon Company, a division of Grobet File Company of America, Inc., constitute intervening and superseding acts of negligence, which caused plaintiffs' injuries, losses and/or damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff was injured as alleged, it is averred that said injuries were caused by misuse, improper use, abuse of or negligent use of the product in question, or improper modifications or alterations of the product in question.

## FOURTEENTH AFFIRMATIVE DEFENSE

If plaintiff's injuries were caused in any respect by a product sold by William Dixon Company, a division of Grobet File Company of America, Inc., said product was not serviced and/or maintained properly after leaving William Dixon Company, a division of Grobet File Company of America, Inc.'s control and prior to plaintiffs' accident.

## FIFTEENTH AFFIRMATIVE DEFENSE

If plaintiff's injury involved a product supplied by William Dixon Company, a division of Grobet File Company of America, Inc., said product was not being used in a manner and/or for a purpose which

0666821.01

could have been reasonably foreseen by William Dixon Company, a division of Grobet File Company of America, Inc..

### SIXTEENTH AFFIRMATIVE DEFENSE

If plaintiff's injuries were caused in any respect by a product sold by William Dixon Company, a division of Grobet File Company of America, Inc., said product was at all times safe for its intended use and in conformity with the state of the art, technological and industrial knowledge available to William Dixon Company, a division of Grobet File Company of America, Inc., at the time of the product's sale.

**WHEREFORE**, defendant, William Dixon Company, a division of Grobet File Company of America, Inc., demands judgment in its favor and against plaintiffs, together, with costs, attorneys' fees and such other relief as deemed appropriate by this Court.

### CROSS CLAIM UNDER F.R.Civ.P. 13(g)
### WILLIAM DIXON CO. v. MYCONE DENTAL SUPPLY CO., INC.

Defendant, William Dixon Company, a division of Grobet File Company of America, Inc., hereby asserts a cross claim against defendant, Mycone Dental Supply Company, Inc. t/a National Keystone Industries as follows:

1. If the allegations of plaintiff's Complaint are shown to be true, said allegations being expressly denied, then answering defendants aver that co-defendant Mycone Dental Supply Company, Inc. t/a National Keystone Industries may be solely liable to the plaintiff, is primarily liable and/or jointly and severally liable over to the answering defendant by way of indemnity and/or contribution pursuant to common law and/or any contracts or agreements which may be/have been applicable.

0666821.01

**WHEREFORE**, if answering defendant is found liable in this matter, it demands that defendant, Mycone Dental Supply Company, Inc. t/a National Keystone Industries, be found jointly and severally liable with answering defendant or liable over to answering defendant by way of contribution or indemnity.

                                                  Respectfully submitted,

                                                  **RAWLE & HENDERSON** LLP

Dated: May 31, 2002                        By_____

                                                  **Thomas A. Kuzmick, Esquire**
                                                  **John T. Donovan, Esquire**
                                                  Attorneys for Defendant,
                                                  William Dixon Company, a division of
                                Grobet File Company of America, Inc.

                                                  The Widener Building
                                                  One South Penn Square
                                                  Philadelphia, PA   19107
                                                  (215) 575-4200

0666821.01