IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ARGENTINA and MARIE ARGENTINA, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | |
| MYCONE DENTAL SUPPLY COMPANY, INC. t/a NATIONAL KEYSTONE INDUSTRIES and WILLIAM DIXON COMPANY, a division of GROBET USA, | : : : : : | NO. 02-CV-3192 |
| Defendants. | : | |

**ORDER**

**AND NOW**, this _____ day of _____, 2003, upon consideration of the Motion for Relief from Judgment and for Leave to File a *Nunc Pro Tunc* Demand for Trial *de novo* and any responses thereto, it is hereby **ORDERED** and **DECREED** that judgment is **GRANTED**. This Court's order of July 25, 2003 entering judgment in accordance with the arbitration award is hereby **VACATED** and defendant William Dixon Company is granted **LEAVE** to file a *nunc pro tunc* demand for trial *de novo*.

**BY THE COURT:**

_____
                                                    **J.**

850422 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ARGENTINA and MARIE ARGENTINA, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | |
| MYCONE DENTAL SUPPLY COMPANY, INC. t/a NATIONAL KEYSTONE INDUSTRIES and WILLIAM DIXON COMPANY, a division of GROBET USA, | : : : : : | NO. 02-CV-3192 |
| Defendants. | : | |

### DEFENDANT WILLIAM DIXON COMPANY'S MOTION FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE A *NUNC PRO TUNC* DEMAND FOR TRIAL *DE NOVO*

Pursuant to Rules 6(b) and 60(b) of the Federal Rules of Civil Procedure, Defendant William Dixon Company, by and through its counsel, Rawle & Henderson, LLP, hereby seeks relief from the judgment entered in accordance with the arbitration award and seeks leave to file a *nunc pro tunc* demand for trial *de novo*, and, in support thereof, avers as follows:

1. On May 29, 2003, after a non-binding arbitration held pursuant to Local Rule of Civil Procedure 53.2, a total of $55,000 was awarded to plaintiffs against defendant William Dixon Company ("Dixon"). *See* arbitration award attached hereto as Exhibit "A".

2. On June 11, 2003, counsel for defendant Dixon executed a demand for a trial *de novo*. *See* demand for trial *de novo* attached hereto as Exhibit "B".

3. On June 13, 2003, counsel for defendant Dixon issued check number 74267 in the amount of $300.00 for payment of costs associated with a demand for a trial *de novo*, as required by Local Rule of Civil Procedure 53.2. *See* copy of Rawle & Henderson check number 74267 attached hereto as Exhibit "C".

850422 v.1

4. On June 12, 2003, counsel for defendant Dixon sent a letter with an copy of the demand enclosed to Howard B. Segal, counsel for plaintiffs, with a corresponding copy also enclosing a copy of the demand sent to Michael J. Plevyak, counsel for defendant Mycone Dental. *See* letter attached hereto as Exhibit "D".

5. Despite the good faith efforts of counsel for defendant Dixon to file the demand for a trial *de novo* in a timely manner, this Court has no record of the demand having been filed. Nor has this Court cashed check number 74267 issued for the costs associated with filing said demand.

6. All counsel involved were unaware that the demand for a trial de novo was never filed and all counsel continued to act upon the assumption that said demand was in fact filed. In fact, counsel for defendant Mycone Dental referred to the appeal in a June 24, 2003 letter to counsel for plaintiffs. *See* letter attached hereto as Exhibit "E".

7. Discovery also proceeded on the assumption that the demand had been filed. On June 13. 2003, counsel for Dixon noticed the deposition of Stephen Katz. *See* notice of deposition attached hereto as Exhibit "F".

8. Counsel for defendant Dixon did not learn that the demand for a trial de novo had not been filed as planned until July 25, 2003, upon receipt of an order signed by The Honorable Bruce W. Kauffman, entering judgment according to the findings of the arbitrators. *See* order attached hereto as Exhibit "G".

9. When questioned whether she ever received a time-stamped copy or whether she specifically recalled filing the executed demand for trial *de novo*, secretary to counsel for defendant Dixon indicated that she did not receive a time-stamped copy and cannot specifically recall whether she filed the demand for trial *de novo*, but assumed she did.

9. Counsel for defendant Dixon has filed this Motion for Relief from Judgment as soon as practically possible upon learning of the mistake or inadvertence and the absence of the appeal on the record.

10. Rule 60(b) provides that a court may relieve a party from a final judgment upon a showing of "mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P. 60(b).

11. While the rules of this Court provide that a demand for trial *de novo* must be filed within thirty days after an arbitration award is entered on the docket, this thirty day period is subject to the enlargement provisions of Rule 6(b) of the Federal Rules of Civil Procedure. *Esteves v. Bondy*, 189 F.R.D. 148, 149 (E.D. Pa. 1999).

12. Rule 6(b) provides that a court may, in its discretion, "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b).

13. The failure to file a demand for trial de novo by counsel for Dixon was a result of excusable neglect, and as a result, the judgment should be vacated and defendant Dixon should be allowed leave to file a *nunc pro tunc* demand.

**WHEREFORE**, defendant William Dixon Company respectfully requests that this Honorable Court vacate its Order entered on July 25, 2003, and allow defendant Dixon leave to file a *nunc pro tunc* demand for trial *de novo*.

Respectfully submitted,

**RAWLE & HENDERSON** LLP

By:_____
John T. Donovan, Esquire
Identification No. 66494
The Widener Building, 17th Floor
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200
Attorneys for Defendant,
William Dixon Company, a division of
Grobet File Company of America, Inc.

Dated: _July 29, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ARGENTINA and MARIE ARGENTINA, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MYCONE DENTAL SUPPLY COMPANY, INC. t/a NATIONAL KEYSTONE INDUSTRIES and WILLIAM DIXON COMPANY, a division of GROBET USA, | : | NO. 02-CV-3192 |
| | : | |
| Defendants. | : | |

### BRIEF IN SUPPORT OF DEFENDANT WILLIAM DIXON COMPANY'S MOTION FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE A *NUNC PRO TUNC* DEMAND FOR TRIAL *DE NOVO*

Pursuant to Rules 6(b) and 60(b) of the Federal Rules of Civil Procedure, defendant William Dixon Company, by and through its counsel, Rawle & Henderson, LLP, hereby seeks relief from the Court Order entered July 25, 2003, imposing judgment in accordance with the arbitration award entered and filed on May 29 ,2003.  For the forgoing reasons, the Order entering judgment in accordance with the arbitration award should be vacated and defendant William Dixon Company should be permitted to file a *nunc pro tunc* demand for a trial *de novo*.

### STATEMENT OF FACTS

On May 29, 2003, after a non-binding arbitration held pursuant to Local Civil Rule 53.2, a total of $55,000 was awarded to plaintiffs against defendant William Dixon Company ("Dixon").  *See* arbitration award attached hereto as Exhibit "A".  On June 11, 2003, counsel for defendant Dixon executed a demand for a trial *de novo*.  *See* demand for trial *de novo* attached hereto as Exhibit "B".  On June 13, 2003, counsel for defendant Dixon executed check number

850422 v.1

74267 in the amount of $300.00 for payment of costs associated with a demand for a trial *de novo*, as required by Local Rule of Civil Procedure 53.2.  *See* copy of Rawle & Henderson check number 74267 attached hereto as Exhibit "C".  On June 12, 2003, counsel for defendant Dixon sent a letter with an copy of the demand enclosed to Howard B. Segal, counsel for plaintiffs, with a corresponding with the same enclosure sent to Michael J. Plevyak, counsel for defendant Mycone Dental.  *See* letter attached hereto as Exhibit "D".  Counsel acknowledge that they received the demand.

  Despite the good faith efforts of counsel for defendant Dixon to file the demand for a trial *de novo* in a timely manner, this Court has no record of the demand having been filed.  Nor has this Court cashed check number 74267 issued for the costs associated with filing said demand.  All counsel involved were unaware that the demand for a trial *de novo* was never filed and all counsel continued to act upon the assumption that said demand was in fact filed.  In fact, counsel for defendant Mycone Dental referred to the appeal in a June 24, 2003 letter to counsel for plaintiffs.  *See* letter attached hereto as Exhibit "E".  Discovery also proceeded on the assumption that the demand had been filed.  On June 13. 2003, counsel for Dixon noticed the deposition of Stephen Katz.  *See* notice of deposition attached hereto as Exhibit "F".

  Counsel for defendant Dixon did not learn that the demand for a trial *de novo* had not been filed as planned until July 25, 2003, upon receipt of an order signed by The Honorable Bruce W. Kauffman, entering judgment according to the findings of the arbitrators.  *See* order attached hereto as Exhibit "G".  When questioned whether she ever received a time-stamped copy or whether she specifically recalled filing the executed demand for trial *de novo*, secretary to counsel for defendant Dixon indicated that she did not receive a time-stamped copy and cannot specifically recall whether she filed the demand for trial *de novo*, but assumed she did.

6

Counsel for defendant Dixon has filed this Motion for Relief from Judgment as soon as practically possible upon learning of the mistake.

## ARGUMENT

Under the Federal Rules of Civil Procedure, this Court has the discretion to remedy the clerical error that has resulted in the entry of a final judgment against defendant William Dixon Company. This clerical error amounts to "excusable neglect," according to the very specific meaning of that term as interpreted by Federal Courts. Accordingly, this Court has the discretion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to provide defendant Dixon relief from the judgment entered by this Court on July 25, 2003. Furthermore, this Court has the discretion, pursuant to Rule 6(b) of the Federal Rules and its own interpretation of Local Rule 53.2, to grant leave to defendant Dixon to file a *nunc pro tunc* demand for trial de novo.

Rule 60(b) provides that a court may relieve a party from a final judgment upon a showing of "mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P. 60(b). In interpreting the term "excusable neglect" the Supreme Court of the United States considers the following four factors: (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay including whether the delay was within the reasonable control of the party claiming excusable neglect, (4) whether the party claiming excusable neglect has acted in good faith. *Pioneer Investment Services v. Brunswick Association, Ltd.*, 507 U.S. 380 (1993); *See also In re Cedant Corporation Prides Litigation*, 311 F.3d 298 (3d Cir. 2002) (applying the *Pioneer* four-factor test to a motion for relief from judgment brought under Rule 60(b)).

This Court may also allow defendant Dixon to file a *nunc pro tunc* demand for trial *de*

*novo* if the error in not filing a timely demand was due to excusable neglect. While Local Rule of Civil Procedure 53.2 provides that a demand for trial *de novo* must be filed within thirty days after an arbitration award is entered on the docket, Local R.Civ.P. 53.2(7)(a), this thirty day period is subject to Rule 6(b) of the Federal Rules of Civil Procedure, related to enlargement. *Esteves v. Bondy*, 189 F.R.D. 148, 149 (E.D. Pa. 1999). Rule 6(b) provides that a court may, in its discretion, "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b).

In deciding whether excusable neglect has been shown, the court should consider the following factors: "1) whether the inadvertence reflected professional incompetence such as ignorance of the rules or procedure; 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; 3) counsel's failure to provide for a readily foreseeable consequence; 4) a complete lack of diligence; 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance. Whether the enlargement will prejudice the opposing party is also considered." *Esteves*, 189 F.R.D. at 149, n. 1 (citing *Dominick v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517).

Applying the *Pioneer* and *Esteves* factors to the case *sub judice,* the failure to file a demand for trial *de novo* by counsel for Dixon was a result of excusable neglect, and as a result, the judgment should be vacated and defendant Dixon should be allowed leave to file a demand. The inadvertence did not reflect any degree of professional incompetence. To the contrary, counsel for defendant Dixon prepared an appropriate demand well within the time for filing as required by the local rules and executed same. Furthermore, a copy of the demand was sent to each of the other counsel involved in the case, and they will acknowledge same.

There is no question that counsel had every intention of filing a timely demand. That

intent is documented by the check issued on June 11, 2003 to pay the costs required for filing a demand and by the correspondence with other counsel.  Indeed, from the day counsel prepared the demand, counsel's actions were in every way consistent with a good faith belief that said demand had been filed.  Counsel at all times reasonably believed that the demand had been filed.

The failure to file the demand was not a result of "a complete lack of diligence."  To the contrary, counsel prepared the demand for filing in a timely manner, allowing more than ample time to assure that the demand would be filed.  The only reason that the demand was not filed on time is that counsel was under the reasonable belief that it had already been filed.  Finally, the fact that the demand was not filed as counsel had intended has not prejudiced the other parties to this action.  All counsel were under the belief that the demand had been filed and have been acting according to that belief.

## CONCLUSION

For the forgoing reasons, defendant William Dixon Company respectfully requests that this Honorable Court vacate its Order entered on July 25, 2003, and allow defendant Dixon leave to file a *nunc pro tunc* demand for trial *de novo*.

    Respectfully submitted,

    **RAWLE & HENDERSON** LLP

By:    
    John T. Donovan, Esquire
    Identification No. 66494
    The Widener Building, 17th Floor
    One South Penn Square
    Philadelphia, PA 19107
    (215) 575-4200
    Attorneys for Defendant,
    William Dixon Company, a division of
    Grobet File Company of America, Inc.

Dated:   July 29, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ARGENTINA and MARIE ARGENTINA, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : : | |
| MYCONE DENTAL SUPPLY COMPANY, INC. t/a NATIONAL KEYSTONE INDUSTRIES and WILLIAM DIXON COMPANY, a division of GROBET USA, | : : : : : | NO.  02-CV-3192 |
| Defendants. | : | |

## AFFIDAVIT OF JOHN T. DONOVAN, ESQUIRE

    I, John T. Donovan, Esquire, of full age, being duly sworn to law upon my oath depose and say:

    1.  I am an attorney at law and in good standing and admitted to practice before the courts of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania.

    2.  I represent defendant William Dixon Company in the above-captioned matter.

    3.  On June 11, 2003, I prepared the Demand for Trial de novo attached hereto as Exhibit "B".

    4.  Also on June 11, 2003, I executed same and instructed my secretary to file the demand with this Court.

    5.  I was not aware that this demand had not in fact been filed until July 25, 2003, when I received a copy of this Court's Order entering judgment in accordance with the arbitration award entered May 29, 2003.

                                                                                                           John T. Donovan, Esquire

Sworn to and subscribed
before me this      day
of           , 2003.

_____

850422 v.1

## CERTIFICATE OF SERVICE

I, John T. Donovan, Esquire, attorney for defendant William Dixon Company hereby certify that a true and correct copy of Defendants' Motion for Relief from Judgment and for Leave to File a *Nunc Pro Tunc* Demand for Trial *de novo* has been forwarded to all counsel of record via U.S. First Class Mail, addressed as follows:

Howard B. Segal, Esquire
100 North 17th Street, 9th Floor
Philadelphia, PA 19103

Michael J. Plevyak, Esquire
WHITE & WILLIAMS LLP
1500 Lancaster Avenue
Paoli, PA 19301-1500


RAWLE & HENDERSON LLP


By:_____
John T. Donovan, Esquire
Attorneys for William Dixon Company,
a division of Grobet File
Company of America, Inc.

Dated: July 29, 2003