IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ARGENTINA and MARIE ARGENTINA | : |
| Plaintiffs, | : CIVIL ACTION |
| v. | : |
| | : NO. 02-CV-3192 |
| MYCONE DENTAL SUPPLY COMPANY, INC. t/a NATIONAL KEYSTONE INDUSTRIES and WILLIAM DIXON COMPANY, a division of GROBET USA, Defendants. | : |

## O R D E R

**AND NOW**, this      day of,            2003, upon consideration of the defendant Dixon's Motion for Relief from Judgment and for Leave to File a Nunc Pro Tunc Demand for Trial *de novo* and Plaintiffs' Response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED**.

BY THE COURT:

_____
The Honorable Bruce W. Kauffman, J.

BY:  Howard B. Segal, Esquire                    ATTORNEY FOR PLAINTIFFS
IDENTIFICATION NO:  33168
100 North 17th Street, 9th Floor
Philadelphia, PA  19103
(215) 592-7520

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ARGENTINA and MARIE ARGENTINA | : |
| Plaintiffs, | : CIVIL ACTION |
| v. | : |
| | : NO. 02-CV-3192 |
| MYCONE DENTAL SUPPLY COMPANY, INC. t/a NATIONAL KEYSTONE INDUSTRIES and WILLIAM DIXON COMPANY, a division of GROBET USA, Defendants. | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S PETITION FOR RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE A NUNC PRO TUNC DEMAND FOR TRIAL DE NOVO**

**I. BACKGROUND**

Pursuant to Local Rule of Civil Procedure 53.2 and 28 U.S.C. § 651 et seq., this case proceeded to non-binding arbitration before a panel of three lawyers who ruled in favor of the plaintiffs for $55,000, against the Defendant William Dixon Company, a division of Grobet USA. This award was entered and filed on May 29, 2003.  (See, arbitration award attached hereto as Exhibit "A".)

On July 25, 2003, in accordance with 28 U.S.C. § 654(a) and Local Rule 53.2, the clerk of this court entered judgment in favor of the plaintiffs and against the defendant Dixon, pursuant to an Order signed by the Honorable Bruce W. Kauffman on July 24, 2003.  (See, order entering judgment attached hereto as exhibit "B".)

Defendant admits that it did not timely file a Notice of Appeal from the arbitration award. In fact, the defendant admits that it had more than two (2) weeks to follow up, inquire and make sure that the Notice of Appeal was timely filed.  However, Defendant readily admits that it did not do same until it was too late.

## II. DISCUSSION

Defendant rests his argument on Federal Rules of Civil Procedure 6(b) and 60(b). This argument is misplaced. Specifically, Rule 6(b) provides that while the district court may grant post-expiration enlargements if the failure to act was a result of excusable neglect, it prohibits the district court from extending the time for requesting relief from judgment under Rule 60(b). In these instances, a party's failure to act within the designated period deprives the district court of its power of enlargement. Fed. R. Civ. P. 6(b). Thus, 6(b) does not apply to the instant Motion.

Alternatively, the Supreme Court's interpretation of "excusable neglect" considers the following: (1) prejudice to the opponent, (2) length of delay and its impact on proceedings, (3) cause for the delay, and whether it was within reasonable control of the moving party, (4) movant's "good faith", (5) professional incompetence, (6) whether the omission is an easily manufactured excuse that cannot be verified, (7) whether the movant had failed to provide for a consequence that was readily foreseeable, and (8) whether the omission constituted a complete lack of diligence. See Pioneer Investment Services v. Brunswick Association, Ltd., 507 U.S. 380 (1993). See also In the Matter of Thomas W. Olick et al, 2000 U.S. Dist. LEXIS 312 (E.D. Pa. 2000); In re Cedant Corporation Prides Litigation, 311 F.3d 298 (3rd Cir. 2002).

In the case at hand, Plaintiffs will have to try this case again and incur unnecessary costs, all to their prejudice. The delay of these proceedings is negligible, however, the impact on these proceedings is prejudicial to Plaintiffs and the impact was within the reasonable control of the defendant Dixon. The defendant's "good faith" ended well before eight (8) weeks past before the entry of final judgment. Defendant's counsel and its firm clearly "dropped the ball". The defendant has failed to provide for a consequence that was readily foreseeable and, in doing so, this was a complete lack of diligence on their part. That is, defendant did not confirm receipt of a time-stamped copy of the demand. Defendant did nothing to confirm the court had received his demand for a new trial. Had defendant diligently followed up on his submission, which he had over two weeks in which to do same, the undersigned would not be filing this Response. Moreover, Defendant's reliance on Federal Rule 60(b) to reverse the entered judgment of this court is incorrect. No case has

been found in this court using Rule 60 to enlarge time for an arbitration judgment that has been duly entered. 28 U.S.C. § 654(a) governs the conclusion of this case. 28 U.S.C. § 654(a) provides as follows:

> The judgment so entered shall be subject to the same provisions of law and shall have the same force and effect as a judgment of the court in a civil action, except that the judgment **shall not be subject to review in any other court by appeal or otherwise.** (Emphasis provided).

The federal arbitration scheme is designed "to encourage prompt, informal and inexpensive resolution of civil cases." H.R. Rep. No. 889, 100th Cong., 2d Sess. (1988). If arbitrators did not function as they do, court-annexed arbitration would be meaningless and unworkable. See <u>Haug v. Toyota Motor Sales, USA, Inc.</u>, 944 F. Supp 421, 1996 U.S. Dist. LEXIS 16996 (E.D. Pa. 1996)(plaintiff's motion for enhancement of damages filed subsequent to final entry of judgment and out of time). See <u>Haug v. Toyota</u> attached hereto as Exhibit "C".

Accordingly, Plaintiffs respectfully requests that this Honorable Court deny Defendant Dixon's Motion for Relief from Judgment and for Leave to File a <u>Nunc Pro Tunc</u> Demand for Trial *de novo*.

                                          Respectfully submitted,

                                          _____

                                          HOWARD B. SEGAL, ESQUIRE
                                          Attorney for Plaintiffs,
                                          Robert and Marie Argentina

BY:  Howard B. Segal, Esquire            ATTORNEY FOR PLAINTIFFS
IDENTIFICATION NO:  33168
100 North 17th Street, 9th Floor
Philadelphia, PA  19103
(215) 592-7520

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT ARGENTINA and** : | |
| **MARIE ARGENTINA, h/w,** : | |
| : | |
| **Plaintiffs,** : | **CIVIL ACTION** |
| : | |
| vs. : | **NO.: 02-CV-3192** |
| : | |
| **MYCONE DENTAL SUPPLY** : | |
| **COMPANY, INCORPORATED t/a** : | |
| **NATIONAL KEYSTONE INDUSTRIES,** : | |
| and : | |
| **WILLIAM DIXON COMPANY** : | |
| **division of GROBET USA,** : | |
| : | |
| **Defendants.** : | |
| : | |

<u>**PLAINTIFFS' RESPONSE TO DEFENDANT WILLIAM C. DIXON'S MOTION FOR
RELIEF FROM JUDGMENT AND FOR LEAVE TO FILE A NUNC PRO TUNC
DEMAND FOR TRIAL DE NOVO**</u>

Plaintiffs, by and through their counsel, Howard B. Segal, Esquire, respond to Defendant William Dixon's Motion for Relief form Judgment and for filing a <u>Nunc Pro Tunc</u> demand for trial *de novo* as follows:

1.  Admitted.

2.  Admitted in part; denied in part. It is denied that the Defendant Dixon timely filed the Notice of Appeal from Arbitration.

3.  It is admitted that Exhibit "C" purports to be a check bearing number 74267 in the amount of $300.00 for payment of costs payable to the "USDC-Eastern District of

Pennsylvania". It is denied based upon reasonable investigation and belief that said check was presented by the Defendant to the USDC of the Eastern District of Pennsylvania and the USDC of Eastern District of Pennsylvania negotiated said check.

4. Admitted.

5. Admitted in part; denied in part. It is admitted that counsel for Defendant Dixon made efforts to file a demand for a trial *de novo* in a timely manner, that this Court has no record of the demand being filed and the Court has not negotiated check number 74267 purportedly issued for the cost associated with filing said demand. It is denied that counsel for Defendant Dixon made "good faith" efforts to file a timely demand for a trial *de novo*. Specifically, Defendant's counsel had more than two weeks to simply follow up to see that the demand for a trial *de novo* was timely filed. In fact, Defendant's counsel admits in his Motion at Paragraph 9:

> "When questioned whether she ever received a time-stamped copy or whether she specifically recalled filing the executed demand for trial *de novo*, secretary to counsel for Defendant Dixon indicated that she <u>did not receive a time-stamped copy and can not specifically recall whether she filed the demand for trial *de novo*</u>, but **assumed** she did.(emphasis added ours)".

Simply, if Defendant's counsel questioned his secretary earlier the demand for a trial *de novo* would have been timely filed.

6. Admitted. By way of further response, the undersigned continued to act upon the **assumption** that said demand was timely filed. The key word is "**assumption**". It is also noted that the continued discovery in this matter was initiated by Defendant Dixon's counsel.

7. Admitted. By way of further response, the key word is "**assumption**". See answer to number 6.

8. It is admitted in part; denied in part. It is admitted that an Order was signed by the Honorable Bruce W. Kauffman, entering judgment according to the findings of the arbitrators

on July 24, 2003. After reasonable investigation, Plaintiff cannot admit or deny that counsel for Defendant Dixon did not learn that the demand for a trial *de novo* had not been filed as planned until July 25, 2003.

9. After reasonable investigation, Plaintiffs cannot admit or deny this averment However, for purposes of this Motion, Plaintiff admits same.

9. Plaintiffs admit they received a copy of the instant Motion on August 1, 2003 via a letter from Defendant Dixon's counsel dated July 30, 2003. As to whether the instant Motion was filed "as soon as practically possible", Plaintiffs cannot admit to same.

10. Admitted. By way of further response, the only mistake was Defendants counsel not following up to see if the demand was timely filed, the only inadvertence was Defendant's counsel not requiring his secretary to obtain a time-stamped copy, and there is no excusable neglect because Defendant's counsel had more than two weeks to make sure that a time sensitive document was timely filed.

11. Admitted.

12. It is admitted that Rule 6(b) reads as stated. It is denied that Rule 6(b) is applicable to the instant Motion, as the failure to act was not excusable neglect.

13. Denied. It is specifically denied that the failure to file a demand for a trial *de novo* by counsel for Dixon was the result of excusable neglect. On the contrary, Defendant's's counsel has not provided this Court with any facts to support a conclusion of excusable neglect. Defendant's counsel purportedly attempted to file this demand more than two weeks before the expiration date thereof. He failed to follow up with his secretary to determine whether or not the demand was timely filed. He failed to instruct his secretary to obtain a time-stamped copy of the demand Notice. His firm failed to implement policies and procedures that would assure the timely

filing of a demand for a trial *de novo*. This is neglect, but not excusable.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny Defendant Dixon's Motion for Relief from Judgment and/or Leave to file a Nunc Pro Tunc demand for trial *de novo*.

Respectfully submitted,

_____
HOWARD B. SEGAL, ESQUIRE
Attorney for Plaintiffs
Robert Argentina and Marie Argentina

| | |
|---|---|
| BY: Howard B. Segal, Esquire<br>IDENTIFICATION NO: 33168<br>100 North 17th Street, 9th Floor<br>Philadelphia, PA  19103<br>(215) 592-7520 | ATTORNEY FOR PLAINTIFFS |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ARGENTINA and<br>MARIE ARGENTINA, h/w, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| vs. | : | NO.: 02-CV-3192 |
| | : | |
| MYCONE DENTAL SUPPLY<br>COMPANY, INCORPORATED t/a<br>NATIONAL KEYSTONE INDUSTRIES,<br>and<br>WILLIAM DIXON COMPANY<br>division of GROBET USA, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Howard B. Segal, Esquire, attorney for Plaintiffs, Robert and Marie Argentina, hereby certify that I caused a true and correct copy of the foregoing Plaintiff's Response and Memorandum of Law to Defendant's Motion for Relief from Judgment and for Leave to File a <u>Nunc Pro Tunc</u> Demand for Trial *de novo* to be served on August 6, 2003 , via-U.S. mail, postage prepaid, to the following:

| John T. Donovan, Esquire<br>RAWLE & HENDERSON, LLP<br>The Widener Building<br>One South Penn Square<br>Phila., PA 19107 | Michael J. Plevyak, Esquire<br>WHITE & WILLIAMS, LLP<br>1500 Lancaster Avenue<br>Paoli, PA 19301-1500 | Colleen A. Galbraith, Esquire<br>WHITE & WILLIAMS, LLP<br>1500 Lancaster Avenue<br>Paoli, PA 19301-1500 |

HOWARD B. SEGAL, ESQUIRE
Attorney for Plaintiffs,
Robert and Marie Argentina