IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ARGENTINA and MARIE ARGENTINA : : : v. : : MYCONE DENTAL SUPPLY COMPANY, INC., t/a NATIONAL KEYSTONE INDUSTRIES : : : and : : WILLIAM DIXON COMPANY, a division of GROBET USA : | CIVIL ACTION NO. 02-CV-3192 |

MEMORANDUM AND ORDER

Kauffman, J.                                                                      August _____, 2003

Plaintiffs Robert and Marie Argentina brought this products liability action against Defendant Mycone Dental Supply Company, Inc. ("Mycone") and Defendant William Dixon Company ("Dixon") in state court. On May 23, 2002, Dixon removed this action to Federal Court and the case was designated eligible for arbitration. On May 29, 2003, after a non-binding arbitration pursuant to Local Rule of Civil Procedure 53.2, a total of $55,000 was awarded to Plaintiffs. On July 24, 2003, the Court entered Judgment in favor of Plaintiffs and against Dixon. Now before the Court is Dixon's Motion for Relief from Judgment and for Leave to File Nunc Pro Tunc a Demand for Trial De Novo.[1] For the following reasons, the Court will grant Dixon's Motion.

---

[1] Judgment was not entered against Mycone. Furthermore, Mycone does not oppose Dixon's Motion for Relief from Judgment and for Leave to File Nunc Pro Tunc a Demand for Trial De Novo.

**I.     Background**

On May 29, 2003, after a non-binding arbitration pursuant to Local Rule of Civil Procedure 53.2, a total of $55,000 was awarded to Plaintiffs.  Counsel for Dixon claims that, on June 11, 2003 he executed a demand for a trial de novo ("the demand"), (Dixon Ex. B) and on June 12, 2003, served a copy of the demand on Howard B. Segal, counsel for Plaintiffs, and on Michael J. Plevyak, counsel for Mycone.[2]  (Dixon Ex. D.)  Despite these efforts by Dixon's counsel, the Court has no record of the demand having been filed.  When thirty days elapsed from the date of the Arbitration Award without any party demanding a trial de novo, the Court entered Judgment on July 24, 2003.  On July 25, 2003, upon receipt of this Court's July 24, 2003 Order, counsel for Dixon learned for the first time that his demand had not been filed.  On July 29, 2003, he filed the instant Motion for Relief from Judgment and for Leave to File Nunc Pro Tunc a Demand for Trial De Novo.[3]

**II.     Discussion**

Rule 53.2(7)(A) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania provides that "[w]ithin thirty (30) days after [an] arbitration award is entered on the docket, any party may demand a trial de novo in the District Court."  Local R. Civ. P. 53.2(7)(A).  "This thirty day period is subject to enlargement under

---

[2]  A demand for a trial de novo must be filed within thirty days. Local Rule of Civil Procedure 53.2(7).

[3]  It appears that all counsel were under the impression that the demand for trial de novo had been successfully filed. For example, in a June 24, 2003 letter to counsel for Mycone, counsel for Plaintiffs referred to Dixon's appeal as the basis for the various discovery requests. (Dixon Ex. E.) Furthermore, Dixon was proceeding with its own discovery upon the mistaken belief that it had filed a timely demand for a trial de novo. (Dixon Ex. F.)

Federal Rule of Civil Procedure 6(b), which allows the court at its discretion 'upon motion made after the expiration of the specified period [to] permit the act to be done where the failure to act was the result of <u>excusable neglect</u> . . . .'" <u>Esteves v. Bondy</u>, 189 F.R.D. 148, 149 (E.D. Pa. 1999) (citing Fed. R. Civ. P. 6(b)).  Moreover, Fed. R. Civ. P. 60(b) provides that a court may relieve a party from a final judgment upon a showing of "mistake, inadvertence, surprise or excusable neglect."  Fed. R. Civ. P. 60(b).

In defining what constitutes excusable neglect sufficient to justify the exercise of discretion to permit relief from judgment and allow <u>nunc pro tunc</u> a demand for a trial <u>de novo</u>, the Court must consider: "1) whether the inadvertence reflected professional incompetence such as the ignorance of rules of procedure; 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; 3) counsel's failure to provide for a readily foreseeable consequence; 4) a complete lack of diligence; 5) whether the inadvertence resulted despite counsel's substantial good faith efforts toward compliance" and whether the enlargement of time causes prejudice to the opposing party.  <u>Esteves</u>, 189 F.R.D. at 149 n.1. (citing <u>Dominic v. Hess Oil V.I. Corp.</u>, 841 F.2d 513, 517 (3d Cir. 1998)).

Dixon argues that relief from judgment and an enlargement of its filing deadline is appropriate because its failure to file a timely demand for trial <u>de novo</u> is the result of excusable neglect.  The Court agrees.  There is no dispute that: (1) Dixon believed that it had filed a timely demand for trial <u>de novo</u>; (2) it served in a timely fashion a copy of the document titled "Defendant William Dixon's Demand For Trial <u>De Novo</u>" upon both Plaintiff and Mycone; (3) it proceeded with discovery as if a demand had been made; and (4) it executed a check made out to the District Court for the Eastern District of Pennsylvania in the amount required for filing the

demand. (Dixon Ex. B-D, F.)

Plaintiffs would not be prejudiced by the allowance of a nunc pro tunc demand for a trial de novo, since they were served with timely notice of Dixon's demand and proceeded with discovery as though the demand in fact had been filed. (Def. Ex. E.) Moreover, upon learning that the actual filing in the Clerk's office had not occurred, Dixon promptly moved for relief by filing the instant motion. Accordingly, the Court finds that Dixon's failure timely to file its demand for trial de novo constitutes excusable neglect.

**III.     Conclusion**

For the foregoing reasons, the Court will grant Dixon's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) and permit a nunc pro tunc demand for trial de novo pursuant to Fed. R. Civ. P. 6(b).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT ARGENTINA and <br> MARIE ARGENTINA <br> <br> v. <br> <br> MYCONE DENTAL SUPPLY <br> COMPANY, INC., t/a <br> NATIONAL KEYSTONE INDUSTRIES <br> and <br> <br> WILLIAM DIXON COMPANY, a <br> division of GROBET USA | : <br> : <br> :    CIVIL ACTION <br> : <br> :    NO. 02-CV-3192 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## ORDER

     **AND NOW**, this _____ day of August, 2003, upon consideration of Defendant William Dixon Company's Motion for Relief from Judgment and for Leave to File a <u>Nunc</u> <u>Pro</u> <u>Tunc</u> Demand for Trial <u>De</u> <u>Novo</u> (docket nos. 24, 25 ) and Plaintiffs' Response thereto (docket no. 27), it is **ORDERED** that:

1.      The Motion for Relief from Judgment is **GRANTED**.
2.      The Court's July 25, 2003 Order entering judgment in accordance with the arbitration award is **VACATED**.
3.      Defendant William Dixon Company is granted leave to file <u>nunc</u> <u>pro</u> <u>tunc</u> a demand for trial <u>de</u> <u>novo</u> within five days of the date of receipt of this Order.

                                                                 BY THE COURT:

                                                              **BRUCE W. KAUFFMAN, J.**